IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACHAEL LUCAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HAIR CLUB FOR MEN, LLC, A FOREIGN LIMITED LIABLITY COMPANY, UBI NO. 602 166 008<br><br>Defendant. | No. 2:19-cv-01121<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES |

By and through counsel, Defendant Hair Club for Men, LLC (hereinafter "Defendant") answers Plaintiff Rachael Lucas's (hereinafter "Plaintiff") Complaint as follows.

## I. ANSWER TO "JURISDICTION"

1. Defendant admits that this Court, the United States District Court for the Western District of Washington, has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 by virtue of Defendant's removal of this action to this Court and that venue is properly laid in this Court. Defendant denies that King County Superior Court has jurisdiction over those claims.

## II. ANSWER TO "GENERAL ALLEGATIONS"

2. Defendant denies that it is properly denominated as "Hair Club, INC." as alleged, but admits that it employed Plaintiff at its location in Tukwila, Washington, which is referred to as Defendant's "Seattle" location.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

3. Denied.

4. Denied.

5. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

6. Defendant lacks knowledge and information sufficient to admit or deny what Plaintiff claims to have observed and therefore denies that allegation. Defendant admits that Plaintiff reported concerns about other employees to Erin Gomez.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies them.

13. Defendant admits only that Plaintiff reported alleged comments made by Michelle Echols (hereinafter "Echols") but denies that Echols called Plaintiff "delusional" as Echols has denied making any such comment.

14. Admitted.

15. Admitted.

16. Defendant admits that Plaintiff stated that she believed her workplace was "discriminatory and hostile" but denies that the workplace was in fact "discriminatory" or "hostile" in any way.

17. Defendant admits that Plaintiff stated that she believed her workplace was "discriminatory and hostile" but denies that the workplace was in fact "discriminatory" or "hostile" in any way.

18. Defendant admits that Plaintiff stated that she believed Echols's conduct was "discriminatory and hostile" but denies the allegation that Echols's conduct was "discriminatory"



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

or "hostile" as Echols denied engaging in any such conduct.

19. Defendant admits that Plaintiff claimed to have a medical condition but lacks knowledge and information sufficient to admit or deny whether that statement was true or whether any such condition constitutes a "disability" and therefore denies those assertions.

20. Defendant denies that Plaintiff was asked in a "dismissive manner" if she needed an accommodation. Defendant admits that Defendant attempted to engage in the interactive process with Plaintiff pertaining to her alleged disability. Defendant denies any remaining express or implied allegations.

21. Defendant admits only that Plaintiff stated she did not need an accommodation for her medical condition but denies any remaining express or implied allegations.

22. Denied.

23. Defendant lacks knowledge and information sufficient to admit or deny whether plaintiff's alleged medical condition constitutes a disability and therefore denies that allegation. Defendant admits terminating Plaintiff's employment approximately two months after she claimed to have a medical condition but denies any implication that Plaintiff's termination was unlawful in any manner whatsoever.

24. Denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Admitted.

29. Admitted.

30. Denied.

31. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies the same.

32. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies the same.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

33. Denied.

34. Defendant admits only that it terminated Plaintiff, but expressly denies that it "learned that Plaintiff was considering filing an EEOC complaint" at any time prior to four (4) months after her termination when this allegation was first made by Plaintiff.

35. Admitted.

36. Denied.

37. Defendant admits only that during his initial interview, an employee-witness denied that Plaintiff behaved disrespectfully. Defendant denies the remaining allegations.

38. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies the same.

39. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies the same.

40. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph, and therefore denies the same.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Admitted.

46. Defendant lacks knowledge and information sufficient to admit or deny what Plaintiff means by "disciplinary training" and therefore denies the allegations in this paragraph.

47. Denied.

## III. ANSWER TO "FIRST CAUSE OF ACTION: DEFENDANT'S VIOLATION OF WLAD REGARDING DISABILITY DISCRIMINATION RCW 49.60 et. seq.

48. Defendant repeats its previous admissions and denials.

49. Admitted.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

50. Defendant lacks knowledge and information sufficient to admit or deny the allegations in this paragraph and therefore denies them.

51. Denied.

52. Denied.

53. Defendant lacks knowledge and information sufficient to admit or deny the allegation that Plaintiff had a "disability" and therefore denies the allegations in this paragraph.

54. Denied.

55. Denied.

56. Defendant admits that plaintiff claimed she was being treated unfairly but lacks knowledge and information sufficient to admit or deny whether plaintiff had a disability and therefore denies that allegation.

57. Denied.

58. Defendant lacks knowledge and information sufficient to admit or deny whether plaintiff had a disability and therefore denies that allegation. Defendant admits that Plaintiff's employment was terminated "a few months" after she notified Defendant of an alleged medical condition.

59. Denied.

## IV. ANSWER TO "SECOND CAUSE OF ACTION: RETALIATION"

60. Defendant repeats its previous admissions and denials.

61. Denied.

62. Denied.

63. Defendant admits that Plaintiff complained about alleged discrimination but denies that discrimination occurred.

64. Denied.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

65. Defendant admits only that Plaintiff was terminated for performance reasons. Defendant denies the remaining allegations of this paragraph.

66. Denied.

67. Denied.

## V. ANSWER TO "THIRD CAUSE OF ACTION: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY"

68. Defendant repeats its previous admissions and denials.

69. Admitted.

70. Admitted.

71. Denied.

72. Defendant admits that Plaintiff had a legal right to report alleged discrimination without fear of discrimination or retaliation. Defendant denies that it discriminated or retaliated against Plaintiff in any manner whatsoever.

73. Defendant admits that Plaintiff had a legal right to disclose an alleged medical condition without fear of discrimination or retaliation. Defendant denies that Plaintiff disclosed a "disability."

74. Denied.

75. Denied.

76. Denied.

77. Defendant lacks knowledge and information sufficient to admit whether Plaintiff's alleged medical condition constitutes a disability and therefore denies that it does. Defendant admits only that Plaintiff was terminated approximately two months after informing Defendant of an alleged medical condition. Defendant denies any implied allegation that those two events were connected in any way.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

78. Defendant lacks knowledge and information sufficient to admit or deny the allegations of this paragraph and therefore denies the same.

79. Denied.

80. Denied.

## VI. GENERAL DENIAL

Any allegations or statements in the Complaint, including Plaintiff's Prayer for Relief, not expressly admitted are denied.

## VII. AFFIRMATIVE DEFENSES

By way of further answer and without waiving any allegations previously denied, the following affirmative defenses are asserted:

1. Plaintiff has failed to mitigate damages or otherwise avoid consequences.

2. All actions taken by Defendant with respect to Plaintiff were reasonable and undertaken in good faith.

3. All actions taken by Defendant with respect to Plaintiff were job-related and consistent with business necessity.

4. Defendant had an overriding justification for terminating Plaintiff's employment.

5. Without modifying Defendant's answer to Plaintiff's allegations in the Complaint, if a trier of fact were to conclude that any protected status actively motivated, even in part, any employment decision challenged by Plaintiff, which Defendant expressly denies, Defendant affirmatively states that the same decision(s) would have been made without consideration of any protected status or activity.

6. To the extent Plaintiff seeks exemplary damages under state or federal law, Defendant's actions were not willful or made with intent to deprive Plaintiff of any legal rights.

7. In the event a judgment is rendered in favor of Plaintiff, or there is a compromise of her disputed claims, Defendant is entitled to an offset for any advance payment of funds made.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

8. Pending further discovery, Plaintiff's claims may be subject to the defenses described in Rules 8 and 12.

## VIII. RESERVATION OF RIGHTS

In further answer, Defendant reserves the right to add additional defenses and make further claims as may be warranted by discovery.

## IX. PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays the Court for the following relief:

1. That Plaintiff take nothing by the Complaint and that it be dismissed with prejudice;

2. That Defendant be awarded its reasonable attorney fees, costs, and expenses incurred in defending this action;

3. For such other and further relief as this Court may deem just and equitable.

DATED this 19th day of July, 2019.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Michael A. Griffin*

Michael A. Griffin, WSBA #29103
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
Facsimile: 206-405-4450
michael.griffin@jacksonlewis.com
Counsel for Defendant

DATED this 19th day of July, 2019.

JACKSON LEWIS P.C.

*/s/ Meredith A. Smith*
Meredith A. Smith, WSBA #48361
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
Facsimile: 206-405-4450
meredith.smith@jacksonlewis.com
Counsel for Defendant

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Andrew J. Backlund, WSBA #45775
Backlund Law Firm, PLLC
1833 N. 105th St., Ste. 101
Seattle, WA 98133
206-745-2839
andy@backlundlawfirm.com

Attorney for Plaintiff

DATED this 19th day of July, 2019.

Heather H. Adams

4811-4276-5724, v. 3



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404